UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CARMEN YESENIA MEJIA BAUTISTA,<br><br>Petitioner,<br><br>v.<br><br>SCOTT A. MAPLES, JR.,<br>JEFF OLSEN,<br>DAVID VENTURELLA,<br>MARKWAYNE MULLIN,<br><br>Respondents. | ) | No. 4:26-cv-00267-SEB-KMB |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Carmen Yesenia Mejia Bautista, a noncitizen from Honduras, is subject to a final order of removal and is being detained pending her removal from the United States. Years after the removal order became final, U.S. Immigration and Customs Enforcement ("ICE") arrested Ms. Mejia Bautista on July 21, 2026. When she filed her petition, she was detained at the Clark County Jail in Jeffersonville, Indiana. Ms. Mejia Bautista filed a petition for a writ of habeas corpus seeking her release from detention. For the reasons discussed, the petition is **denied**.

**I. Background**

Ms. Mejia Bautista is a native of Honduras. Dkt. 1-2 at 1. She came to the United States on or about February 14, 2019, and entered near Hidalgo, Texas. *Id.* Border Patrol agents apprehended and detained her and, on February 16, issued her a Notice to Appear and placed her into removal proceedings. *Id.* at 1–4. The Notice to Appear does not list an address for Ms. Mejia Bautista and states "Failed to Provide United States." *Id.* at 1. On February 17, she was released on an order of release on recognizance ("OREC") and told to report in person for a hearing on

February 27 in Harlingen, Texas. *Id.* at 6–10. The OREC lists her address as "C/O La Posada Providencia" in San Benito, Texas. *Id.* at 7.

On June 27, 2019, the immigration court mailed Ms. Mejia Bautista notice of a master calendar hearing to take place on September 3. Dkt. 6-1 at 4. This notice was sent to the address in San Benito. *Id.* But Ms. Mejia Bautista asserts that the Department of Homeland Security ("DHS") failed to provide this address to the Executive Office for Immigration Review, so she never received the notice and did not appear for the September 3 hearing. Dkt. 1, ¶¶ 26–28. At the hearing, an immigration judge entered an order *in abstentia* for Ms. Mejia Bautista's removal. *Id.*; Dkt. 6-1 at 1.

On July 19, 2026, Ms. Mejia Bautista was arrested in Clark County, Indiana, for driving without a license. Dkt. 6-1 at 6. She was taken into ICE custody and served with a warrant for her arrest and a warrant of removal. *Id.* at 8, 12. ICE also revoked her OREC. *Id.* at 13.

On August 19, 2026, Ms. Mejia Bautista filed a motion to reopen her removal proceedings and to rescind the *in abstentia* order. Dkt. 1, ¶ 33. The immigration court denied that motion on September 6, 2026. Dkt. 6-1 at 2. Counsel for Ms. Mejia Bautista states that she did not see this order until October 5, 2026, when Respondents attached it as an exhibit to their Return, and promptly filed a notice of appeal to the Board of Immigration Appeals ("BIA") and a motion to reconsider before the immigration court. Dkt. 9 at 1; dkts. 9-1, 9-2. The appeal remains pending. Dkt. 9 at 2.

On October 15, 2026, Ms. Mejia Bautista pleaded guilty to driving without a license and was sentenced to a $1.00 fine. *See* Case No. 10C05-2012-CM-001434, available on mycase.in.gov. The court ordered her "released on Circuit V hold." *Id.*

## II. Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Mejia Bautista argues that her removal while she seeks to appeal or reopen her removal proceedings is unlawful under 8 U.S.C. § 1229a(b)(5)(C). Alternatively, she argues that her continued detention while she seeks BIA review violates her rights under the Due Process Clause of the Fifth Amendment.

### A. 8 U.S.C. § 1231 and *Zadvydas*

Because Ms. Mejia Bautista is subject to a final removal order, her detention is governed by 8 U.S.C. § 1231. The statute applies two detention schemes—one compulsory and one discretionary—to two distinct time periods.

Section 1231(a)(1) establishes a 90-day "removal period." For purposes of this case, the removal period begins when the noncitizen's removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Section 1231(a)(1)(A) directs that "the Attorney General shall remove" a noncitizen who has been ordered removed during the 90-day removal period. To facilitate that removal, § 1231(a)(2)(A) provides that the Attorney General "shall detain" the noncitizen during the removal period. If the Attorney General does not remove the noncitizen within the 90-day removal period, the noncitizen "*may* be detained beyond the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added).

At face value, the text of § 1231(a)(6) authorizes the government to detain noncitizens who are subject to removal orders in perpetuity. But a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This is because civil detention violates the Fifth Amendment unless "a special justification . . .

outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

*Zadvydas* reconciled § 1231(a)(6) with the Fifth Amendment by interpreting § 1231(a)(6) as containing an implicit, constitutional limit on post-removal period detention authority. The statute grants the Attorney General authority to detain aliens for the express purpose of facilitating their removal. 533 U.S. at 697. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Ms. Mejia Bautista's continued detention is lawful under § 1231 as interpreted by *Zadvydas*. There is no dispute that she has been subject to a final removal order for longer than 90 days, so her detention is governed by § 1231(a)(6). And because she has been detained for only approximately three months, her detention is presumptively reasonable under *Zadvydas*. Ms. Mejia Bautista has provided no basis for the Court to set aside *Zadvydas*'s presumption of reasonableness and find that she is not significantly likely to be removed in the reasonably foreseeable future.

**B. Due Process**

Ms. Mejia Bautista's assertion that her detention violates the due process clause fails for similar reasons. Practically, a § 1231 detainee's statutory and constitutional claims merge into

one because "the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024); *see also Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) ("Because the *Zadvydas* Court set forth this 'reasonable foreseeability' test in order to prevent § 241 from violating the Due Process Clause, we may safely assume that this test articulates the outer bounds of the Government's ability to detain aliens (other than those serving criminal sentences) without jeopardizing their due process rights. Under *Zadvydas*, then, detention of an alien 'once removal is no longer reasonably foreseeable' not only violates § 241, it also violates the Due Process Clause.").

In short, there is no separate due process analysis. Ms. Mejia Bautista's detention complies with the Fifth Amendment to the same extent and for the same reasons that it complies with § 1231 under *Zadvydas*.

### C. Automatic Stay of Removal

Ms. Mejia Bautista asserted in her petition that under 8 U.S.C. § 1229a(b)(5)(C), she could not lawfully be removed while her motion to reopen the removal proceedings was pending in the immigration court. Respondents argue that because the immigration court has since denied her motion to reopen, removal is no longer stayed under § 1229a(b)(5)(C). Ms. Mejia Bautista in her reply argues that her removal should nonetheless be stayed and she should be released from custody while she awaits a decision from the BIA.

The Court agrees with Respondents. As Respondents note, it does not appear that the Seventh Circuit has decided whether removal is automatically stayed pending an appeal to the BIA from an immigration judge's decision denying a motion to reopen proceedings. Dkt. 10 at 2. The case Respondents cite, *Bejar v. Ashcroft*, 324 F.3d 127, 132 (3d Cir. 2003), decided that there is no automatic stay of removal at least during the 30-day period for an alien to appeal the denial of a

motion to reopen the proceedings. *Bejar* compares other provisions in the Immigration and Nationality Act ("INA") that "expressly provide for automatic stays during the appeal period" and "assume[s] that the lack of an automatic stay provision in this context was intentional." *Id.*

*Bejar* does not say whether an automatic stay applies *after* the 30-day window to appeal and while an appeal is pending, as is the case here. But that decision does note that "an alien in an *in absentia* removal case may seek a stay of her removal pending the disposition of her appeal, and it is within the BIA's discretion to grant such a stay." *Id.* at 132–33 (citing 8 C.F.R. § 3.6(b) (now § 1003.6(b))); *see also Dutchievici v. I.N.S.*, 90 F. App'x 126, 132 (6th Cir. 2004) (explaining that 8 C.F.R. § 3.6(b) "supports only a discretionary stay" when appealing the denial of a motion to reopen, and the alien must "submit a written request for a stay of deportation pending his appeal as required for the Board to grant a discretionary stay"). Ms. Mejia Bautista has asked the immigration court to stay her removal in her motion to reconsider the denial of the motion to reopen. Dkt. 9-2 at 8. She does not say whether the immigration court has ruled on that request. But it does not appear that she asked the BIA to stay removal pending her appeal from the denial of the motion to reopen. Nor has she provided any authority suggesting that a stay is automatically imposed while she appeals the denial of her motion to reopen and seeks reconsideration of the immigration court's denial of her motion to reopen.

The record reflects that Ms. Mejia Bautista is subject to a final removal order. She may continue to challenge her removability in the immigration courts. But she has not cited any authority suggesting that removal is or should be stayed while she challenges the immigration judge's denial of her motion to reopen. To the extent she seeks to challenge the immigration court's denial of her motion to reopen, this Court may not hear any challenge to a decision to execute a removal order under the INA. 8 U.S.C. § 1252(g).

### III. Conclusion

Ms. Mejia Bautista's petition for a writ of habeas corpus is **denied without prejudice**. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 10/22/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel